IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HENRY D. WHEELER                                                    PLAINTIFF

v.                      CIVIL NO. 11-3040

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Henry D. Wheeler, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed his current application for DIB on August 21, 2008, alleging an inability to work since April 1, 2008, due to short term memory loss; loss of motor skills; loss of thought processing; and a cognitive dysfunction as a result of using Chantix to quit smoking. (Tr. 117-119, 154). An administrative hearing was held on January 25, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 23-68). Plaintiff's wife, Plaintiff's friend and a vocational expert also testified at this hearing.

By written decision dated April 15, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.11). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), a mild cognitive impairment, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) occasionally lifting and carrying 10 pounds and frequently less. He can sit for 6 hours and can stand and walk for 2 hours. He can do work where interpersonal contact is incidental to the work performed, and the complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision must be simple, direct, and concrete. He must avoid concentrated exposure to fumes, dusts, gases, and poor ventilation.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a bench final assembler, a machine tender, and a hand packager. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 12, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) the ALJ's RFC determination is erroneous and the ALJ gave improper weight to the opinions of medical professionals; and 2) the ALJ erred in his credibility findings of Plaintiff. Defendant argues substantial evidence supports the ALJ's determination.

#### A.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, specifically those of Dr. Lonnie Robinson and Dr. Bruce D. Robbins, as well as the opinions of Dr. Vann Arthur Smith, Dr. Nancy A. Bunting, and Dr. Robert L. Hudson, and set forth the reasons for the weight given to each of these medical professionals. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining

physicians")(citations omitted). The ALJ also addressed the findings of the non-examining medical consultants. (Tr. 310-313, 333-334). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.

The record revealed that Plaintiff was able to drive; take care of personal needs; to watch his children; to clean house and mow the yard; to spend time with others talking and going to the river; to pay bills and manage a bank account; and to go to church. (Tr. 171-178). The record further revealed that Plaintiff drove to North Carolina to attend a high school reunion in April of 2010. (Tr. 360). The ALJ also pointed out that Plaintiff drew unemployment benefits after his alleged onset date. Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir.1991)(a claimant may

admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold himself out as available, willing and able to work). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a bench final assembler, a machine tender, and a hand packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 6th day of September, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE